UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-154-MOC

| ADANE KEBEDE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| BANK OF AMERICA CORP. CNTR., | ) |  |
| EDNA G. RAINEY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. § 1915(e). (Doc. No. 1).

### I.  BACKGROUND

Pro se Plaintiff is a federal prisoner incarcerated at Fort Dix Correctional Institution in Fort Dix, New Jersey. In this pro se action, filed on a form used to bring prisoner civil rights actions pursuant to 42 U.S.C. § 1983, Plaintiff has named as Defendants "Bank of America Corporate Center" and "Edna C. Rainey," identified as a Bank of America employee.[1] Plaintiff purports to bring the following "cause of action" against Defendants: "Forgery, fraud, unauthorized withdrawal, negligent, harassment, ignoring restriction placed stop payment ordered. The bank dishonestly suggested victim can collect the unauthorized withdrawal himself. The Ohio court convicted and ordered him to pay damage never paid a penny." (Doc. No. 1 at 3). Plaintiff appears to be complaining that, on an unspecified date before 2010, Defendants allowed another person to

---

[1] Plaintiff originally filed this action in the Eastern District of North Carolina on March 2, 2017, and that Court transferred venue to this Court on the ground that Defendants are located in this district. See (Doc. No. 5 at 2).

1

forge and cash fraudulent checks, withdrawing up to more than $22,000 of funds held in an account at Bank of America belonging to Plaintiff. Plaintiff alleges the following facts to support his claims:

> Plaintiff Mr. Adane Kebede had opened an account with Bank of America at Oakland, CA and had placed withdrawal restrictions without proper identification. About or on May 26, 2006, Kebede ordered stop payment on a check (copy of check submitted to Oakland police dept. not available on plaintiff's hand). The bank ignored I.D. requirement restriction and stop order of the forged checks and repeatedly asked me payment for overdraft 3 times and consistently refused responsibility. Bank of America gave my money away to a thief in the amount of $22450.00 by allowing unauthorized checks [for] $20,000.00, $250.00, $100 and another $100 dollars to be cashed while I was in mental hospital. Refused to stop payment orders $2000 cashiers check. Continued threat against the real account holder Adene Kebede. Law suits harassing and attempting him to destroy his credit history, preventing him from dealing with other financial institutions. All this for $55.00 [fifty five dollars] overdraft unauthorized withdrawal the victim of crime Adene Kebede from 2009-2011 at least sending him four threatening letters for payment or else lawsuit. Such threat and scare tactic is punishable up to $5,000.00 dollars at least by banking rule ($1,500 for each overdraft payment demand).

(Id. at 4). As relief, Plaintiff seeks the following:

> The Bank reimburse victim of theft and forgery in the amount of 22450.00 unauthorized checks, $5000.00, $1500.00 per notice of overdraft payment demands and threat to sue victim. Plaintiff and victim crime of forgery Kebede has been suffering depression, stress, psychological difficulties. Therefore prays for additional compensation for damages in the amount of $250,000.00 (two hundred fifty thousand dollars) of which up to the account was insured for and any other penalties the court deems necessary and required.

(Id. at 7).

## II. STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal

2

Case 3:17-cv-00154-MOC    Document 7    Filed 04/06/17    Page 2 of 5

theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.    DISCUSSION**

The Court will dismiss this action without prejudice for several reasons. First, to the extent that Plaintiff is attempting to bring a prisoner civil rights action through 42 U.S.C. § 1983, to state a claim under Section 1983, the plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States <u>and</u> that the alleged deprivation was committed by a person acting under color of state law.[2] West v. Atkins, 487 U.S. 42, 48 (1988). As a private bank, Bank of America and its employees do not act under color of state law so as to be liable under Section 1983. See, e.g., Lally v. Crawford Cnty. Trust & Sav. Bank, 863 F.2d 612 (8th Cir. 1988) (per curiam) (affirming the decision of a district court dismissing a debtor's Section 1983 claim against bank for lack of state action, where the debtor's only claim was based on allegation that bank employee acted under color of state law when he threatened to have the debtor put in jail for account overcharge); Gibson v. Dixon, 579 F.2d 1071 (7th Cir. 1978) (per curiam) (a bank's use of state statutory procedure for selling automobile after it was repossessed by the bank does not constitute state action under Section 1983). The Court notes, additionally, that Plaintiff alleges

---

[2]  Additionally, a suit against a federal employee acting under color of federal law is accurately characterized as a so-called Bivens claim. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The "under color of law" analysis, however, is the same for Section 1983 actions and Bivens actions.

3

no personal participation by Defendant Rainey. Indeed, aside from being a named defendant in this action, the Complaint does not otherwise mention Rainey in the supporting facts. A letter attached as one of Plaintiff's exhibits shows that Rainey sent Plaintiff a letter in response to his communication to the bank regarding the cashing of fraudulent checks, but nothing in the Complaint states how Rainey's conduct violated any of Plaintiff's federal or constitutional rights. See (Doc. No. 1-1).

Furthermore, to the extent that Plaintiff is not intending to bring a prisoner civil rights action under Section 1983, Plaintiff's Complaint does not allege the existence of any federal question at issue in this case. That is, Plaintiff does not allege a violation of any specific federal law in the Complaint that would give rise to federal question jurisdiction in this Court under 28 U.S.C. § 1331. Rather, Plaintiff's stated cause of action, in which he purports to bring claims against Defendants for "forgery, fraud, unauthorized withdrawal, negligence, [and] harassment," sounds entirely in state law. Plaintiff does not, however, allege diversity as a basis for subject matter jurisdiction under 28 U.S.C. § 1332.[3] In sum, the Court will dismiss this case, without prejudice, for lack of subject matter jurisdiction and because, to the extent that he is purporting to bring an action through Section 1983, Defendants are private entities, rather than acting under color of state law.

### IV. CONCLUSION

For the reasons stated herein, this action will be dismissed. The dismissal will be without

---

[3] Moreover, even assuming that diversity of citizenship exists under Section 1332, nothing in the Complaint indicates that the amount in controversy exceeds $75,000. See FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

prejudice to Plaintiff.

      **IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed without prejudice on initial review under 28 U.S.C. § 1915(e).

2. Plaintiff's IFP Application, (Doc. No. 4), is **GRANTED** for the limited purpose of this review.

3. The Clerk is directed to terminate this action.

Signed: April 6, 2017

Max O. Cogburn Jr.
United States District Judge